UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAYWOOD CEASAR                          CIVIL ACTION NO. 05-cv-1803

VERSUS                                  JUDGE HICKS

WARDEN LOUISIANA STATE                  MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

### Introduction

Haywood Ceasar ("Petitioner") was an inmate at the David Wade Correctional Center. One morning, as the inmates were released from their cells for work call, Petitioner and a fellow inmate, John Poullard, emerged wearing books and other objects taped to their bodies as armor. They immediately began to fight, and Petitioner used an ice-pick style shank to inflict three puncture wounds to inmate Poullard.

A Claiborne Parish jury convicted Petitioner of aggravated battery and possession of contraband in a state correctional institution. Petitioner was later adjudicated an habitual offender based on three prior felony convictions, with two of the prior convictions (manslaughter and second degree battery) defined as crimes of violence. That history mandated that the aggravated battery receive an enhanced life sentence, which was imposed along with a concurrent three-year sentence for the contraband conviction. State v. Ceasar, 856 So.2d 236 (La. App. 2nd Cir. 2003).

Petitioner later filed a post-conviction application and pursued state remedies with respect to three issues that he now presents in support of his petition for federal habeas relief. The state contends that Petitioner never pursued the claims beyond the trial court level, but Petitioner represents that he took the claims to the state's high court. The absence of record citations in the briefs and the rather confused state of the record make it easier to resolve the claims on the merits rather than attempt to sort out the procedural history and apply any related defenses.

**Free Transcript**

Petitioner represented himself at trial, but an attorney with the Louisiana Appellate Project represented Petitioner and filed a brief in support of the direct appeal.  Petitioner represents that he sent several letters to his appellate attorney and made other efforts to obtain a copy of his trial transcript, but he has yet to receive a copy of the transcript.  Petitioner states that he would have liked to pursue post-conviction claims such as an argument that the prosecution used more than the allotted number of peremptory challenges, a Batson objection, a contention that evidence was erroneously admitted, and the like.  Petitioner states that his efforts to present such claims were hindered by the lack of a transcript that would assist him in verifying whether there was a basis for such claims.  The state court rejected this claim, explaining that the proper procedure under state law was to first file a post-conviction application and assert substantive claims. If the claims asserted in the application demonstrate a particularized need for a transcript, the court will then order that the applicant

be provided a free copy of the transcript. A copy of this ruling is in Volume 2 of the record, which was not numbered to allow citation to the page number.

On direct appeal, a defendant has a right to a trial transcript or a functional equivalent. Griffin v. Illinois, 76 S.Ct. 585 (1956).  However, a post-appeal indigent defendant is not entitled to a free transcript if he had access to the record on direct appeal and fails to demonstrate that he requires the record to establish a non-frivolous post-conviction claim. Smith v. Beto, 472 F.2d 164 (5th Cir. 1973).  The petitioner in Smith made a similar demand that he be provided a free transcript so that he could pursue post-conviction remedies, including a claim of ineffective assistance of counsel.  The Court observed that the petitioner was provided a free trial transcript for his original appeal, that appellate counsel had access to the trial transcript, and the petitioner did not need a transcript to establish his ineffective assistance claim.  Habeas relief was denied.  A similar claim was rejected in Yates v. Collins, 988 F.2d 1210 (5th Cir. 1993) (unpublished).

Petitioner never followed state law and actually set out (or exhausted) specific claims. He did speculate that there might be a basis for some claims, but state law required more than such speculation. Petitioner has not demonstrated that the state court's adjudication of this issue was an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Furthermore, errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Habeas relief is not available with respect to the transcript issue.

**Prior Convictions and <u>Boykin</u>**

_____Petitioner argues that the prosecution failed to produce evidence that Petitioner was properly <u>Boykinized</u> when he pleaded guilty to the prior felonies that resulted in his habitual offender enhancement. Petitioner's argument is foreclosed by <u>Lackawanna County District Attorney v. Coss</u>, 121 S.Ct. 1567 (2001).  That decision holds that habeas relief is unavailable to a state prisoner when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the prisoner is no longer in custody.  There is an exception if counsel was not appointed in connection with a prior conviction.

The records in this case show that Petitioner was afforded counsel when he pleaded guilty to the prior felonies. Attorney Kimball represented Petitioner when he pleaded guilty to manslaughter, and attorney Nelson represented Petitioner when he pleaded guilty to second degree battery. See Transcripts at Vol. 4. The trial judge, at the habitual offender hearing, made specific findings that Petitioner was represented by counsel when he entered each plea. Tr. Vol. 6, pp. 458-97. Petitioner presents no facts or representations to the contrary. No habeas relief is available on this claim.

**Habitual Offender Hearing; Right to Silence**

Petitioner argues that the trial court judge erred in failing to advise him of his right to remain silent at the habitual offender arraignment and hearing. The record indicates that Petitioner is not correct.  An arraignment was held with regard to the multiple offender

enhancement.  The clerk read the bill of information.  The judge then advised Petitioner of

his rights with regard to the enhancement proceeding.  The following exchange occurred:

THE COURT:              Now, you also have the right to remain silent.  Do you
                        understand that?

DEFENDANT CEASAR:  Yes, I understand that.

Transcript Vol. 6, p. 403.

The judge later repeated that Petitioner "should understand that you have the right to

remain silent in these proceedings."  Tr. 405.  Petitioner later asked to discuss an issue, and

this exchange occurred:

THE COURT:              Alright.  Now, I'm just telling you that you have a right
                        to remain silent, and anything you say here is capable of
                        transcription.

DEFENDANT CEASAR:  I understand that.

THE COURT:              Alright.  So, I've warned you.  Go ahead and – –

Tr. 406.

After a recess, the state amended the bill to correct some errors.  The court then

advised Petitioner once again of all of his rights, including the right to remain silent.  This

specific exchange occurred:

THE COURT:              Mr. Ceasar, the first thing you need to understand is that
                        you have the right to remain silent ... Do you understand
                        that you have the right to remain silent, Sir?

DEFENDANT CEASAR:  Yes, I do.

Tr. 409.

After the charges were read, the judge told Petitioner that he had the right to remain silent, confess that the allegations were true, or deny the allegations.  Petitioner, after once again being asked if he wished to remain silent, said that he denied everything.  Tr. 409-10. A hearing was later held, and the state proved the facts necessary to sustain the multiple offender enhancement.  Tr. 456-97.

The Fifth Circuit does not require the full panoply of <u>Boykin</u> rights be extended to the defendant at a plea hearing for a state multiple offender proceeding.  <u>Alexander v. Whitley</u>, 940 F.2d 946, 947 (5th Cir. 1991).  However, Petitioner did not plead guilty to the bill.  In any event, the record shows that Petitioner was repeatedly advised regarding his right to silence, and there is no suggestion that Petitioner made any statement or admission that was used against him to satisfy the state's burden at the multiple offender hearing.  There is no basis for habeas relief with respect to this final issue.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE